# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: U.S. POSTAL SERVICES NEXT GENERATION DELIVERY VEHICLE ACQUISITIONS PROGRAM RECORD OF DECISION LITIGATION**                    MDL No. 3046

## ORDER DENYING TRANSFER

**Before the Panel**:*  Defendants United States Postal Service and Louis DeJoy[1] (together, USPS) move under 28 U.S.C. § 1407 to centralize this litigation in the District of District of Columbia.  The litigation consists of three actions, two of which are pending in the Northern District of California and one in the Southern District of New York.  All plaintiffs oppose centralization, but alternatively suggest centralization in the districts in which they filed suit.

On the basis of the papers filed and the hearing session held, we conclude that Section 1407 centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation.  These actions involve challenges under the National Environmental Policy Act (NEPA) to the February 23, 2022 record of decision in which USPS announced its plans for purchasing up to 165,000 new delivery vehicles, of which at least 10 percent were to have battery electric powertrains rather than internal combustion engines.  The record of decision incorporates a final environmental impact statement (EIS) issued by USPS in January 2022.  *See* 87 Fed. Reg. 14,588 (Mar. 15, 2022).

While the actions involve overlapping facts and legal claims, the future course of the litigation is unclear at this time.  USPS's vehicle acquisition plans have changed significantly since the actions were filed.  In June 2022, USPS issued a notice of intent to prepare a supplemental EIS to address the impacts of potential changes in its delivery operations and routes that may warrant increasing the minimum number of electric vehicles to be procured.  *See* 87 Fed. Reg. 35,581 (June 10, 2022).  And, in July 2022, USPS announced that the supplemental EIS would take into account additional proposed operational and other changes.  *See* 87 Fed. Reg. 43,561 (July 21, 2022).  As a result of these changes, USPS stated, it now expects that at least 40 percent of the total quantity

---

* Judges Nathaniel M. Gorton, David C. Norton, and Roger T. Benitez did not participate in the decision of this matter.

[1] Mr. DeJoy is sued in his official capacity as U.S. Postmaster General.

- 2 -

of vehicles to be procured will be electric-powered.  It also stated that additional vehicle procurements beyond those being analyzed in the forthcoming supplemental EIS will be assessed in subsequent supplements to the EIS, based on then-current market and operational conditions. Because of these changes in USPS's vehicle acquisition plans and the impending issuance of a supplemental EIS, USPS states that it intends to move to stay the three involved actions. Consequently, it is not clear when pretrial proceedings in the actions will commence.  Moreover, if the actions are not stayed, or after any stays are lifted, plaintiffs likely will amend their complaints in response to USPS's altered plans and the new EIS.  Given these uncertainties about when and how the litigation may progress, we conclude that centralization at this time would not be appropriate.  *See, e.g., In re NEC Networks, LLC d/b/a CaptureRX Customer Data Sec. Breach Litig.*, 576 F. Supp. 3d 1375, 1377 (J.P.M.L. 2021) (declining to centralize "on the basis of speculation about what claims [would] remain" if a potential class settlement were approved); *In re Pilot Flying J Fuel Rebate Contract Litig.*, 959 F. Supp. 2d 1373, 1374 (J.P.M.L. 2013) (denying centralization where, in view of a possible class settlement, it was "not possible to predict the contours of the litigation, and whether centralization [would] be beneficial").

Additional considerations persuade us that centralization is not warranted.  Just three actions are pending in this litigation, two in the same district before the same judge.  Where only a small number of actions and districts are involved, the moving party bears a heavier burden to demonstrate the need for centralization.  *See In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010).  USPS has failed to carry that burden here.  The resolution of these actions will involve only limited pretrial proceedings.  Discovery, if any, will be minimal, as the cases will be decided on the administrative record.  Motion practice likely will consist of motions to supplement that record, if any, and summary judgment motions.  Thus, the actions will turn primarily on questions of law with respect to whether USPS's decision was arbitrary and capricious and violated NEPA.  In similar circumstances, we have found that centralization under Section 1407 was not warranted.  *See, e.g., In re Dry Bean Revenue Prot. Crop Ins. Litig.*, 350 F. Supp. 3d 1381, 1382 (J.P.M.L. 2018) (denying centralization of challenges to agency action that would be decided on the administrative record); *In re Lesser Prairie-Chicken Endangered Species Act Litig.*, 109 F. Supp. 3d 1380, 1381 (J.P.M.L. 2015) (same).

Moreover, the Panel has stated that "centralization under Section 1407 should be the last solution after considered review of all other options."  *In re Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011).  *See also In re Removal from U.S. Marine Corps Reserve Active Status List Litig.*, 787 F. Supp. 2d 1350, 1351 (J.P.M.L. 2011) (denying centralization in two record review cases where voluntary coordination among the parties and the involved courts appeared feasible).  The parties here appear to have coordinated successfully thus far, and continued informal coordination among the parties and involved courts seems feasible, particularly given that pretrial proceedings are not likely to be complex.

- 3 -

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.


PANEL ON MULTIDISTRICT LITIGATION


_____
Karen K. Caldwell
Chair


Matthew F. Kennelly            Dale A. Kimball
Madeline Cox Arleo

**IN RE: U.S. POSTAL SERVICES NEXT GENERATION
DELIVERY VEHICLE ACQUISITIONS PROGRAM
RECORD OF DECISION LITIGATION**                    MDL No. 3046

## SCHEDULE A

<u>Northern District of California</u>

CLEANAIRNOW, ET AL. v. DEJOY, ET AL., C.A. No. 3:22−02576
STATE OF CALIFORNIA, ET AL. v. UNITED STATES POSTAL SERVICE, ET AL.,
     C.A. No. 3:22−02583

<u>Southern District of New York</u>

NATURAL RESOURCES DEFENSE COUNCIL, INC., ET AL. v. DEJOY, ET AL.,
     C.A. No. 1:22−03442